UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
-------- ----------------------------------------------------------- x
CURTIS LESANE,                                                       :

                              Plaintiff,                  :

            -against-                                             :   17-CV-0508 (VMS)

GLOBAL QUALITY TRANSPORTATION d/b/a                                  :
ONE LINK LIMO,
                                                                            :
                           Defendant.                 :
                                                                            :
------------------------------------------------------------------- x

## AGREEMENT AND GENERAL RELEASE

       This Agreement and General Release (herein after "Agreement") is entered into by and among Plaintiff Curtis Lesane, on behalf of himself and all others similarly situated ("Plaintiff" or "Lesane") and Defendants One Link Limo, Ice and Global Quality Transport, Inc. ("Defendants"). Collectively, Plaintiff and Defendants are referred to herein as the "Parties."

       WHEREAS, Plaintiff initiated a lawsuit, individually against Defendants, entitled Curtis Lesane v Global Quality d/b/a One Link Limo, Inc. and docketed Federal District Court in the Eastern District of New York at Index No. 17- CIV - 00508 (the "Litigation"); and

       WHEREAS, Plaintiff elected to proceed with the Litigation as an individual only and waived his right to pursue class certification as to any other persons similarly situated; and

       WHEREAS, the Parties desire to resolve all issues between the Parties including, but not limited to, the issues alleged by Plaintiff in the Litigation.

       NOW, THEREFORE, the Parties agree as follows:

       1.    Defendant, within thirty (30) days of the execution of this Agreement by both Parties**,** in full settlement of the Litigation and in consideration for the general release by Plaintiff below, shall pay to Plaintiff the amount of Forty-Five Thousand Dollars ($45,000.00) (the "Settlement Payment").

       2.    The Settlement Payment shall be made via checks made payable as follows:

            a.    One check in the amount of $14,726.03 made payable to Curtis Lesane less standard payroll deductions and delivered to David Schwartz, Esq. at Phillips & Associates, PLLC.

      b.      One check in the amount of $14,726.03 made payable to Curtis Lesane as liquidated damages for which an IRS Form 1099 will be issued and delivered to David Schwartz, Esq. at Phillips & Associates, PLLC.

      c.      One check in the amount of $15,547.94 made payable to Phillips & Associates, PLLC, as attorneys for Plaintiff and delivered to David Schwartz, Esq. at Phillips & Associates, PLLC.

2.    **RELEASE OF CLAIMS**

In consideration for the Settlement Payment, Plaintiff hereby releases and discharges Defendant from any and all claims, causes of action, demands, complaints, rights of appeal, and liabilities whatsoever (each, a "Claim"), including, but not limited to, those alleged in the Litigation, which Plaintiff ever had or may now have against or with respect to any Claim arising from or relating to Plaintiff's employment and/or internship by Defendant or the separation thereof (whether grounded in alleged discrimination, retaliation, or any other fact or circumstance), pursuant to any Federal, State, local, or agency law, rule, regulation, ordinance, executive order or other requirement, including, but not limited to, any Claim in tort or contract or arising out of or under any of the following: **(i) the New York State Human Rights Law** and/or the **New York City Human Rights Law** which, among other things, prohibit discrimination and retaliation in employment on account of age, race, creed, color, national origin, alienage, or citizenship status, sexual orientation, military status, sex, gender, disability, predisposing genetic characteristics, familial status, marital status, partnership status, any lawful source of income, status as a victim of domestic violence or status as a victim of sex offenses or stalking, lawful occupation, and whether children are, may be or would be residing with a person, or conviction or arrest record; **(ii) the New York Labor Law** (including, but not limited to, the portion thereof referred to as the **Wage Theft Prevention Act**) which, among other things, regulates the wages paid to certain individuals, including, but not limited to, with regard to the minimum wage and premium overtime pay; **(iii) Title VII of the Civil Rights Act of 1964** and/or the **Civil Rights Act of 1991, as amended**, which, among other things, prohibit discrimination in employment on account of a person's race, color, religion, sex or national origin; **(iv) the Genetic Information Nondiscrimination Act of 2008 (GINA)**, which, among other things, prohibits employment discrimination based on genetic information about an individual; **(v) the Americans with Disabilities Act (ADA)**, which, among other things, prohibits discrimination in employment on account of a person's disabilities or handicap; **(vi) the Family and Medical Leave Act (FMLA)** which, among other things, entitles an employee to take reasonable leave for the employee's own serious health condition, or the birth or adoption of a child, and for the care of a child, spouse or parent who has a serious health condition; **(vii) the Employee Retirement Income Security Act of 1974, as amended (ERISA)**, which, among other things, regulates pension and welfare plans and prohibits interference with individual rights protected under that statute; **(viii) the Fair Labor Standards Act (FLSA)**, which, among other things, regulates the wages paid to individuals protected under the statute; **(ix) the Worker Adjustment and Retraining Notification Act (WARN)** which, among other things, provides certain rights to employees whose employment is terminated as a result of a mass layoff; and **(x) the Constitution or any public policy of the State of New York**. Plaintiff does not waive any right (i) to which Plaintiff is entitled pursuant to this Agreement; or (ii) to make a Claim arising from events or circumstances occurring subsequent to Plaintiff's execution of this Agreement.

3. Plaintiff agrees that Plaintiff shall not file or initiate, with any court, agency, or other body, any action arising out of any Claim as defined in Section 2 above, whether individually or in a class or collective action, except that Plaintiff may file a charge with the Equal Employment Opportunity Commission (EEOC) or a Fair Employment Practices Agency acknowledged by the EEOC, or any proceeding with regard to the enforcement of this Agreement

4. Simultaneously with Defendant's payment of the Settlement Payment, Plaintiff shall cause the Litigation to be dismissed with prejudice and without costs to either Party. The Settlement Payment shall be held in escrow by Plaintiff's attorney and no monies shall be distributed until such time as the Court has confirmed dismissal of the Litigation and the matter closed.

5. Plaintiff acknowledges that no provision of this Agreement, including, but not limited to, the provisions providing for payment of the Settlement Payment, constitutes an admission of wrongdoing by Defendant, and Defendant specifically disclaims any liability to or wrongful actions against Plaintiff.

6. Plaintiff has been advised to consult with an attorney or attorneys of Plaintiff's choosing and to review all of the terms and conditions of this Agreement with such attorney or attorneys prior to executing this Agreement.

7. Plaintiff acknowledges and agrees that he has been provided with a reasonable period of time to review and consider all of the terms and conditions of this Agreement prior to signing it.

8. This Agreement represents the entire agreement among the Parties and supersedes any and all other agreements or representations, either oral or in writing, between the Parties. This Agreement may not be amended except by an instrument in writing, signed by each of the Parties. If any provision of this Agreement is held by a body of competent jurisdiction to be invalid, unenforceable, or void, such provision shall be enforced to the greatest extent permitted by law, and the remainder of this Agreement shall remain in full force and effect. The Parties may sign this Agreement in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and the Parties agree to accept PDF or facsimile signatures in lieu of original signatures.

9. This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without regard to its conflicts of laws principles. Any dispute concerning, referring, or relating to this Agreement shall be litigated in the Supreme Court of the State of New York, New York County. The Parties (i) irrevocably submit to the exclusive jurisdiction of such court, (ii) agree that all claims in such action may be decided in such court, (iii) waive, to the fullest extent permitted by law, the defense of inconvenient forum, and (iv) consent to the service of process by mail, but a Party may serve legal process in any manner permitted by law. A Party that successfully prosecutes an action to enforce this Agreement or any provision hereof shall be awarded its reasonable attorneys' fees and costs incurred in doing so.

10.     **WAIVER OF JURY TRIAL**

TO THE FULLEST EXTENT PERMITTED BY LAW, THE PARTIES WAIVE, AND COVENANT AND AGREE THAT THEY WILL NOT ASSERT (WHETHER AS PLAINTIFF, DEFENDANT OR OTHERWISE), ANY AND ALL RIGHTS THAT EACH MAY HAVE TO A TRIAL BY JURY AGAINST THE OTHER FOR ANY AND ALL ACTIONS ARISING OUT OF OR CONCERNING, REFERRING, OR RELATING TO THIS AGREEMENT.

11.     IN SIGNING THIS AGREEMENT AND GENERAL RELEASE, PLAINTIFF REPRESENTS THAT (A) HE HAS CAREFULLY READ AND FULLY UNDERSTANDS THIS AGREEMENT AND GENERAL RELEASE AND ITS FINAL AND BINDING EFFECT, INCLUDING, BUT NOT LIMITED TO, SECTION 2 REGARDING THE GENERAL RELEASE OF CLAIMS, AND SECTION 12 REGARDING WAIVER OF JURY TRIAL; (B) HE HAS BEEN AFFORDED SUFFICIENT TIME AND OPPORTUNITY TO REVIEW, AND HAS REVIEWED OR VOLUNTARILY CHOSEN NOT TO REVIEW, THIS AGREEMENT AND GENERAL RELEASE WITH LEGAL COUNSEL OF HIS OWN CHOICE; (C) HE HAS HAD AN OPPORTUNITY TO NEGOTIATE WITH REGARD TO THE TERMS OF THIS AGREEMENT AND GENERAL RELEASE; (D) HE IS FULLY COMPETENT TO MANAGE HIS OWN BUSINESS AFFAIRS AND TO ENTER INTO OR SIGN THIS AGREEMENT AND GENERAL RELEASE; (E) THE ONLY PROMISES MADE TO INDUCE HIM TO SIGN THIS AGREEMENT AND GENERAL RELEASE ARE THOSE STATED HEREIN; AND (F) HE HAS SIGNED THIS AGREEMENT AND GENERAL RELEASE KNOWINGLY, FREELY, AND VOLUNTARILY.

[THE NEXT PAGE IS THE SIGNATURE PAGE]

IN WITNESS WHEREOF, the Parties have signed this Agreement.

DATE:_____  _____
                                    Curtis Lesane

STATE OF New York    )
                     ) ss.:
COUNTY OF _____ )

On _____, 2017 before me, personally appeared Curtis Lesane personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument, he/she executed the instrument.

WITNESS my hand and official seal.


_____
NOTARY PUBLIC



                                    One Link Limo, Inc.

DATE:_____               By: _____
                                    Mikhail Shtotland



                                    Global Quality Inc.

DATE:_____               By: _____
                                    Mikhail Shtotland