A


**PHILLIPS NIZER** LLP

666 Fifth Avenue
New York, NY 10103-0084
212.977.9700
Fax 212.262.5152

600 Old Country Road
Garden City, NY 11530-2011
516.229.9400
Fax 516.229.9612

Court Plaza South
21 Main Street
Hackensack, NJ 07601
201.487.3700
Fax 201.646.1764

www.phillipsnizer.com

**Regina E. Faul**
212.841.0575
rfaul@phillipsnizer.com

February 13, 2017

<u>VIA EMAIL: Claudio@GQTLimo.com</u>

Mr. Claudio Alvarez
Global Quality Transport
400 Hamilton Avenue
Brooklyn, NY 11231

Re:   <u>**Engagement Letter**</u>

Dear Mr. Alvarez:

Thank you for asking Phillips Nizer LLP to represent Global Quality Transpiration d/b/a One Link Limo, Inc. and you in connection with labor and employment issues.

We are pleased to undertake this representation. Set forth below and in the attachments to this letter, are the terms of our engagement, subject to your approval. This engagement letter is also required by a New York court rule.

Our compensation for our services to be rendered in connection with this matter shall be based on our hourly rates as the same may be adjusted from time to time. My current hourly rate is $565.00 per hour. Fees will be billed as outlined in the attached Exhibit A, which sets forth the general terms and conditions of our retention. Our charges for expenses and disbursements will be as provided in the attached Exhibit B.

You have agreed to pay an initial advanced payment of $10,000.00 which we will apply against our time charges for our services and expenses in connection with labor relations and employment law advice. Retainers are treated and applied by the Firm as earned fees. In the event the matter proceeds further or if the time charges plus chargeable expenses exceed our retainer, we may request additional retainers which will be similarly treated and applied.

This letter (including its attachments) sets forth our entire agreement. If you do not agree with anything set forth in this letter or its attachments, please let us know immediately. In addition, although it is not required by the applicable New York Court Rule, we would be grateful if you would sign and return the enclosed page entitled "Approval of Engagement") at your earliest convenience, together with the initial retainer.

1298370.1

**PHILLIPS NIZER**LLP
Mr. Claudio Alvarez
February 13, 2017
Page 2

    I greatly appreciate the confidence you have shown in us by engaging the Firm in this important representation. We look forward to working with you on this matter.

Sincerely,

PHILLIPS NIZER LLP

By: *[signature: Regina E. Faul]*
Regina E. Faul

1298370.1

PHILLIPS NIZER LLP
Mr. Claudio Alvarez
February 15, 2017
Page 3

### Approval of Engagement

This is to confirm that I have read the foregoing letter, including its attachments, and I agree to its terms, effective as of the date upon which Phillips Nizer began to represent me.

Dated: 2/17/2017

Global Quality Transportation d/b/a
One Link Limo, Inc.

By: _____
Claudio Alvarez

In an effort to reduce waste, Phillips Nizer will send invoices to you by e-mail to the following address: *Claudio@GQTLimo.com*

If you would like your invoices sent to an alternate or additional e-mail address, please indicate below:

☑ Alternate e-mail address: _Calvarez2@me.com_

☐ Additional e-mail address: _____

If you prefer that your invoices be sent by U.S. Postal Service, you must check the box below. Thank you.

☐ We prefer that invoices be sent by U.S. Postal Service.

☑ We prefer that invoices be sent by U.S. Postal Service and email to the above email address.

1298370.1

## EXHIBIT A

## Terms and Conditions of Engagement

The following terms and conditions shall apply to our relationship except as otherwise provided in the attached letter:

1. Legal services provided by Phillips Nizer LLP are, unless otherwise agreed to in writing, invoiced on the basis of the hourly rates regularly charged for each attorney and legal assistant assigned to the matter. We keep detailed records of time spent on each matter (in tenths of an hour). The hourly rates of our attorneys range from $475 to $750 for partners and senior counsel, $400 to $550 for counsel, and from $290 to $450 for associates. Legal assistants have hourly rates from $250 to $355. These rates are reviewed periodically, usually once each year, and are changed from time to time to reflect changes in the value of each person's services and changes in the legal market generally. In addition, certain legal work requires a particularly high degree of expertise, in which case our rates for such specialized services may exceed our normal hourly rates. It is understood that you will not be relying on the Firm for business, investment or other services that are not of a strictly legal nature.

2. Time will be charged for travel away from our offices and for work performed during the trip. On full day trips, there is a minimum charge of 8 hours per day, less any time spent on another client's matter during the trip. "Full day" means a day when the attorney is unable to work in our offices because of the trip.

3. (a) We will normally submit a bill each month for services performed and disbursements recorded through the end of the prior month. Payment of each invoice will be due on receipt. If payment is made more than 30 days from receipt, interest will accrue on past due invoices at the rate of 1% per month, but not to exceed the legal rate. Unless otherwise instructed, we will remit bills via e-mail to the address(es) listed on the signature page of the attached retainer letter.

(b) You are expected to review carefully all invoices and raise any questions concerning them in writing within thirty (30) days of receipt. In the event that you do not object in writing to any entries on an invoice within thirty (30) days, the Firm shall be entitled to conclude that the invoice is accurate and accepted. You will not be charged for any time spent discussing your bill.

4. You agree to reimburse Phillips Nizer for charges and expenses incurred by us in connection with our representation as provided in Exhibit B attached hereto. We will consult with you, whenever practicable, before incurring any unusual or substantial expense. We reserve the right to require that expenses in excess of $250 be paid by you in advance or directly to the vendors supplying the services.

5. If this engagement includes the payment of a retainer, Phillips Nizer will treat it and any additional retainers as earned fees and will apply such retainers to its charges for legal services and disbursements as provided in the attached letter. If you cease to be a client of Phillips Nizer with regard to a matter as to which you have paid a retainer or additional retainer, we will refund any retainer or additional retainer to the extent not applied to services and disbursements accrued prior to the termination.

6. While we sincerely trust that our relationship will be a long and beneficial one, this engagement is, nevertheless, on an at will basis and it may be terminated by either of us at any time, with or without cause, by written notice. In such an event you will pay us for all services rendered and expenses incurred through the date of such termination. If this engagement relates to a litigation or an arbitration matter and if either of us terminates it as above provided for any reason, then you will promptly select other counsel to represent you. Upon payment of all amounts due, we will release your file and make it available for your pick-up. Our internal notes and work papers are and shall remain the property of the Firm.

7. Unless otherwise provided by law, the Firm retains the right to dispose of your file, without further notice to you, two years after the matter is concluded, unless you request that the file be released to you or your designee. You agree to be responsible for picking up your file and paying all costs and expenses associated therewith.

8. Should the Firm furnish estimates of fees or costs that we anticipate during our representation in this matter, you acknowledge that estimates are by their nature inexact, subject to uncertain factors and unforeseen circumstances including actions taken by other parties in the matter or orders of a court, and are not intended to be binding. You also acknowledge that we cannot make and have not made any guarantee regarding the outcome of this matter.

9. You acknowledge that it is your sole and exclusive responsibility to notify your insurance carriers (liability, property, directors' and officers', and other coverage) of any and all claims and causes of action made or brought against you. You agree to hold Phillips Nizer harmless from any loss of insurance for any failure to tender to, notify or pursue your carrier(s).

10. The attached letter and its attachments shall be governed by and interpreted pursuant to the laws of the State of New York, excluding its conflict of laws rules. In the event of any dispute or controversy between or among the parties to this agreement, the parties consent to the exclusive jurisdiction of the courts of the State of New York located in New York County for the resolution thereof (other than a Part 137 arbitration, if any, as set forth below).

1298370.1

11.   You have a right to arbitrate any fee dispute with us when the amount involved is between $1,000 and $50,000 (both inclusive) as provided in Part 137 of the Rules of the Chief Administrator of the New York State Courts, a copy of which will be provided upon request.

12.   The terms of our engagement cannot be amended, discharged or terminated orally and the attached letter and its attachments represent our entire understanding, superseding all prior agreements and discussions.

13.   Attached hereto is a copy of the Statement of Client's Rights pursuant to the Joint Rules of the New York State Appellate Division.

14.   Occasionally, the Firm may send you Legal Alerts, announcements relating to our attorneys and other informational communications by email. You may opt out at any time.

1298370.1

## EXHIBIT B

### Schedule of Charges and Disbursements
### Other Than For Professional Services

| | |
|---|---|
| Air travel | Coach class for shorter flights; business class if longer flights or a special need |
| Auto travel | |
| -- own car | 57.5¢ per mile (or the then current IRS business mileage rate, if higher) plus tolls |
| -- rented car | At cost plus tolls |
| Computer research | Billed at cost as charged by Lexis, Westlaw, Bloomberg, etc. (including basic charges) |
| Computerized court monitoring service | At cost |
| Copying | 20¢ per page |
| Courier and overnight delivery charges | At cost |
| Court and other filing fees | At cost |
| Deposition transcripts | At cost |
| Facsimile transmission | $1 per page plus long distance telephone charges outgoing; no charge for incoming |
| Meals (with client or witness or other required conferences; also if required by overtime work) | At cost |
| Messenger service | At cost; we use an outside service |
| Other long distance travel expenses (hotels, cabs, meals, etc.) and necessary local travel (including cabs for overtime work) | At cost |
| Out-of-state attorneys, expert witnesses and other professionals hired with the client's consent | At cost |
| Overtime services of non-lawyers | At cost |
| Postage charges | No charge, except for priority delivery or bulk mailings at cost |
| Service company charges | At cost |
| Telephone charges and teleconference charges | |
| -- Local | No charge |
| -- Long distance - domestic | No charge |
| -- Long distance - international | At cost (including tariffs, taxes and charges) |
| Trademark, patent, copyright, real estate, UCC and other searches | At cost |
| Velo binding | $1.50 per volume |
| Word-processing | $30 per hour |
| Other third party charges and out-of-pocket expenses | At cost |

1298370.1

## STATEMENT OF CLIENT'S RIGHTS

1) You are entitled to be treated with courtesy and consideration at all times by your lawyer and the other lawyers and nonlawyer personnel in your lawyer's office.

2) You are entitled to have your attorney handle your legal matter competently and diligently, in accordance with the highest standards of the profession. If you are not satisfied with how your matter is being handled, you have the right to discharge your attorney and terminate the attorney-client relationship at any time. (Court approval may be required in some matters, and your attorney may have a claim against you for the value of services rendered to you up to the point of discharge.)

3) You are entitled to your lawyer's independent professional judgment and undivided loyalty uncompromised by conflicts of interest.

4) You are entitled to be charged a reasonable fee and expenses and to have your lawyer explain before, or within, a reasonable time after commencement of the representation how the fees and expenses will be computed, and the manner and frequency of billing. You are entitled to request and receive a written itemized bill from your attorney at reasonable intervals. You may refuse to enter into any fee arrangement for fees and expenses that you find unsatisfactory. In the event of a fee dispute, you may have the right to seek arbitration; your attorney will provide you with the necessary information regarding arbitration in the event of a fee dispute, or upon your request.

5) You are entitled to have your questions and concerns addressed promptly and to receive a prompt reply to your letters, telephone calls, emails, faxes, and other communications.

6) You are entitled to be kept reasonably informed as to the status of your matter and are entitled to have your attorney promptly comply with your reasonable requests for information, including your requests for copies of papers relevant to the matter. You are entitled to sufficient information to allow you to participate meaningfully in the development of your matter and make informed decisions regarding the representation.

7) You are entitled to have your legitimate objectives respected by your attorney, in particular, the decision of whether to settle your matter is yours and not your lawyer's. (Court approval of a settlement is required in some matters.)

8) You have the right to privacy in your communications with your lawyer and to have your confidential information preserved by your lawyer to the extent required by law.

9) You are entitled to have your attorney conduct himself or herself ethically in accordance with the New York Rules of Professional Conduct.

1298370.1

10) You may not be refused representation on the basis of race, creed, color, religion, sex, sexual orientation, age, national origin or disability.

## STATEMENT OF CLIENT'S RESPONSIBILITIES

1) The client is expected to treat the lawyer and the lawyer's staff with courtesy and consideration.

2) The client's relationship with the lawyer should be one of complete candor and the client should apprise the lawyer of all facts or circumstances of the matter being handled by the lawyer even if the client believes that those facts may be detrimental to the client's cause or unflattering to the client.

3) The client must honor the fee arrangement as agreed to with the lawyer to the extent required by law.

4) All bills tendered to the client for services rendered pursuant to the agreed upon arrangement regarding fees and expenses should be paid when due.

5) A client who discharges the attorney and terminates the attorney-client relationship must nevertheless honor financial commitments under the agreed to arrangement regarding fees and expenses to the extent required by law.

6) Although the client should expect that his or her letters, telephone calls, emails, faxes, and other communications to the lawyer will be answered within a reasonable time, the client should recognize that the lawyer has other clients who may be equally deserving of the lawyer's time and attention.

7) The client should maintain contact with the lawyer, promptly notify the lawyer of any change in telephone number, address, email, or other electronic contact information, and respond promptly to a request by the lawyer for information and cooperation.

8) The client must realize that the lawyer is required to respect only legitimate objectives of the client and that the lawyer will not advocate or propose positions that are unprofessional or contrary to law or the New York Rules of Professional Conduct.

9) The lawyer may decline to accept a matter if the lawyer has previous personal or professional commitments that will prohibit the lawyer from devoting adequate time to representing the client competently and diligently.

10) A lawyer is under no obligation to accept a client if the lawyer determines that the cause of the client is without merit, a conflict of interest would exist or a suitable working relationship with the client is not likely.

1298370.1